**In the Matter of Robert E. PARKER and Helen A. Parker, Debtors.**

**Bankruptcy No. 1–80–000740.**

United States Bankruptcy Court,
S. D. Ohio, W. D.

Aug. 15, 1980.

G. Robert Hines, R. Michael McEvilley, Cincinnati, Ohio, for debtors.

Jane Hils Shea, Cincinnati, Ohio, for Southern Ohio Bank.

David S. Levine, Cincinnati, Ohio, for Citizens State Bank.

**ORDER GRANTING APPLICATION TO EXTEND TIME TO FILE COMPLAINTS TO DETERMINE DISCHARGEABILITY OF DEBT.**

LEONARD C. GARTNER, Bankruptcy Judge.

*A Dissertation and a Decision*

The debtors filed their petition for relief on January 11, 1980. Pursuant thereto the creditors (among them, the movants herein) were notified of the last date for filing of dischargeability proceedings—May 5, 1980.

On May 6, 1980, the Court noticed the discharge hearing pursuant to 11 U.S.C. § 524(d) for May 16, 1980.

On May 14, 1980 creditors Southern Ohio Bank and Citizens State Bank filed an application to extend the time for filing dischargeability proceedings.

On May 16, 1980 the debtors received their discharge with the possible exception of the debts herein (See Discharge 2(b)).

Under the old Bankruptcy Act (§ 17(c)(2) tied in with § 14(b)(1)) the time for filing was fixed at not less than 30 nor more than 90 days from the first date set for the first meeting of creditors.

That time limitation was preserved by Rule 409(a)(2) of the Rules of Bankruptcy Procedure which refers to § 17(c)(2) of the Act.

However, the Bankruptcy Reform Act of 1978 repealed the Act in toto, and in that

Code is § 523(c) which grants creditors dischargeability hearing rights but sets no time frame. Vis a vis, consider the comment in the 1979 Collier Pamphlet Edition, Bankruptcy Rules, Part 2, at the rear of Rule 409:

1978 Bankruptcy Code—Comment

"*Subdivision (a)(2).* 11 U.S.C. § 523(c) has replaced § 17c(2) of the Bankruptcy Act. Under that section, the debtor shall be discharged from a debt specified in § 523(a)(2), (4) and (6) of the Code unless upon timely request by the creditor the court determines such debt to be excepted from discharge. The time fixed by this subdivision of the rule remains in effect."

Where does the commentator get his authority for such interpretation?

In all this melee is the present case in which the Court did set a time for filing complaints "pursuant to § 523(c)" not Rule 409 of the Rules of Bankruptcy Procedure.

The Court makes these observations to point out the confused state of the law as a result of the passage of the new Code in the face of the co-existence of the Rules which were passed in relation to the old Act.

Regardless of the confusion, and in the light of Rule 6(b) of the Federal Rules of Civil Procedure, the Court will grant the continuance and fixes September 10, 1980 as the last date for filing dischargeability proceedings pursuant to 11 U.S.C. § 523(c).

IT IS SO ORDERED.